11-3256-ag
Liu v. Holder

BIA
A073 647 232

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Richard C. Lee United States Courthouse, 141 Church Street, in the City of New Haven, Connecticut, on the 25th day of May, two thousand twelve.

PRESENT:
　　　　DENNIS JACOBS,
　　　　　　*Chief Judge,*
　　　　JON O. NEWMAN,
　　　　ROBERT D. SACK,
　　　　　　*Circuit Judges.*

_____

YONG BIAO LIU,
　　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　　　　　11-3256-ag
　　　　　　　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*

_____

FOR PETITIONER:　　　　Thomas D. Barra, New York, New York.

FOR RESPONDENT:　　　　Tony West, Assistant Attorney General; Melissa Neiman-Kelting, Senior Litigation Counsel; Ilissa M. Gould, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Yong Biao Liu, a native and citizen of the People's Republic of China, seeks review of a July 14, 2011, decision of the BIA denying his motion to reopen. *In re Yong Biao Liu*, No. A073 647 232 (B.I.A. July 14, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Liu's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may file only one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). Although Liu's motion was indisputably untimely and number-barred because it was filed more than eight years after the agency's final order of deportation and it was his second motion to reopen, *see* 8 U.S.C. § 1229a(c)(7)(A),(C)(i), there is no time or numerical limitation for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been

2

ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

Here, the BIA did not abuse its discretion in finding that the evidence Liu submitted in support of his motion to reopen was not material to his claim that he feared persecution if returned to China on account of his "Falun Gong identity," as the evidence did not establish that Liu was in fact a practitioner of Falun Gong.  *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (recognizing that a movant's failure to produce material evidence is an independent basis for the denial of a motion to reopen). Indeed, as the BIA found, neither the affidavit or photographs purportedly depicting his participation in Falun Gong-related activities in the United States, nor the country conditions evidence in the record, established that Liu was practicing Falun Gong. *See Abudu*, 485 U.S. at 104-05.  Furthermore, contrary to Liu's position, the BIA properly declined to accord probative weight to the vague assertions that he had a "Falun Gong identity," given the agency's underlying adverse credibility determination.

3

*See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007) (relying on the doctrine *falsus in uno, falsus in omnibus* to conclude that the agency may decline to credit documentary evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceeding); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the agency's discretion).

Additionally, the BIA reasonably determined that the record did not demonstrate Liu's *prima facie* eligibility for relief. *See Abudu,* 485 U.S. at 104 (holding that the BIA may deny a motion to reopen on the ground that the movant has not established *prima facie* eligibility for the underlying relief sought). Indeed, as the BIA found, Liu failed to demonstrate an objectively reasonable fear of persecution, as he did not present any evidence that Chinese officials were aware or would become aware of his "Falun Gong identity," or that the Chinese government targets similarly-situated individuals upon their return to China. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (holding that an applicant may establish eligibility for asylum based exclusively on activities undertaken after

4

his arrival in the United States so long as he demonstrates that "authorities in his country are aware of his activities or likely to become aware of his activities"); *Jian Xing Huang v. INS*, 421 F.3d 125, 128 (2d Cir. 2005) (stating that to demonstrate objective reasonableness, the applicant must show that a "reasonable person in the petitioner's circumstances would fear persecution if returned to his native country").

Accordingly, because Liu failed to present material evidence that he would be affected by any change in conditions in China, the BIA did not abuses its discretion in denying is motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *see also Abudu,* 485 U.S. at 104.

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk